UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY A. SMITH, | CASE NO. C17-1329-RAJ |
| Plaintiff, | ORDER |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurer, | |
| Defendant. | |

This matter comes before the court on Plaintiff's motion to remand. Dkt. # 6. Removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). The removing party must carry this burden not only at the time of removal, but also in opposition to a motion for remand. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

1  On December 8, 2016, Plaintiff filed this action in Snohomish County District

2  Court against Ana-Maria Walstrom and John Doe Walstrom (the "Walstroms").  Dkt. # 1.

3  Plaintiff's initial Complaint alleged that the Walstroms resided in Washington.  On April

4  17, 2017, Plaintiff filed a First Amended Complaint and added Defendant State Farm

5  Mutual Automobile Insurance Company as a defendant.  *Id.*  On May 12, 2017, Plaintiff

6  sent a Stipulation and Order of Dismissal to dismiss the Walstroms to all counsel of

7  record.  *Id.*  The Stipulation and Order of Dismissal was filed in state court on May 18,

8  2017, and was signed by the state court judge and entered on August 21, 2017.  *Id.* Ex. 2.

9  After the Walstroms were dismissed, Defendant removed this case from Snohomish

10 County District Court on the basis of diversity jurisdiction on September 1, 2017.

11 Dkt. # 1.

12     "[A] notice of removal may be filed within thirty days after receipt by the

13 defendant, through service or otherwise, a copy of an amended pleading, motion, order or

14 other paper from which it may be first be ascertained that the case is one which is or has

15 become removable."  28 U.S.C. § 1446(b)(3).  A party must remove a case within one

16 year of its commencement, "unless the district court finds that the plaintiff has acted in

17 bad faith in order to prevent a defendant from removing the action."  28 U.S.C. §

18 1446(c)(1).  Moreover, as stated above, the party seeking a federal forum has the burden

19 of establishing that federal jurisdiction is proper.  *Abrego v. Dow Chem. Co.*, 443 F.3d

20 676, 682-83 (9th Cir. 2006).

21     Plaintiff argues that the thirty-day window for removal of this case began on May

22 12, 2017, the date Plaintiff sent the Stipulation and Order of Dismissal to Defendant to be

23 signed.  Defendant contends that it did not file its Notice of Removal until after the order

24 of dismissal was entered because it was unsure whether the Stipulation was actually filed

25 and did not want to remove the case prematurely.  Defendant also contends that it made

26 several efforts to determine whether the Walstoms had been dismissed from the case,

27

contacting the state court clerk's office on six occasions to determine the status of the Order. Dkt. # 10.

Under § 1446(b)(3), the thirty day time period starts to run from the time Defendant receives "a copy of an amended pleading, motion, order or other paper" from which it can determine that the case is removable. The Ninth Circuit has held that, "we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006). Defendant was in possession of "paper that [gave it] enough information to remove." Any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). Although the judge had not yet issued a signed order, Defendant was aware that the case was removable for almost four months and failed to do so.

For all the foregoing reasons, the court **GRANTS** Plaintiff's motion to remand (Dkt. # 6) and directs the clerk to remand this case to Snohomish County District Court.

Dated this 25th day of October, 2017.

_____

The Honorable Richard A. Jones
United States District Judge